UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPWARD TREND, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>PETER TEATAI-ARIKI; LINDA<br>TEATAI-ARIKI, et al.,<br><br>                    Defendants. | Case No.: 3:16-CV-1379 BEN KSC<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO**<br>**REMAND (ECF No. 2); AND**<br>**(2) DENYING REQUEST FOR STAY**<br>**AND PETITION FOR TEMPORARY**<br>**RESTRAINING ORDER AS MOOT**<br>**(ECF No. 7)** |

On May 10, 2016, Plaintiff Upward Trend, LLC filed an unlawful detainer action against Defendants Peter Teatai-Ariki and Linda Teatai-Ariki in the Superior Court of California, County of San Diego, North County Division, as Case Number 37-2016-00015589-CL-UD-NC. On June 7, 2016, Defendants removed the case to this Court on the basis of federal question jurisdiction, asked for a stay, and requested consolidation of this case with San Diego Superior Court Case Number 37-2016-00000430-CU-OR-NC, Defendants' suit challenging the constitutionality of California's non-judicial foreclosure and eviction proceedings. (ECF No. 1.) A day later, on June 8, 2016, Plaintiff moved to remand the case to state court and filed an ex parte application to shorten time on said motion. (ECF No. 2.) On June 9, 2016, Defendants filed a notice of removal of Case

1

Number 37-2016-00000430-CU-OR-NC and requested a temporary restraining order ("TRO"). (ECF No. 7.)

The Court set a shortened briefing schedule for Defendants' response to Plaintiff's Motion to Remand. (ECF No. 10.) By the deadlines imposed, Defendants opposed the motion,[1] and Plaintiff filed a reply. (ECF No. 12, 14.)

For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 2.)

## DISCUSSION

The Court must determine whether it has subject matter jurisdiction to hear the case. If "at any time" the Court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). "A defendant may remove a case only if the claim could have been brought in federal court." *Merrell Dow Pharm. v. Thompson.* 478 U.S. 804, 808 (1986) (citing 28 U.S.C. § 1441(b)). "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The Court determines that it lacks subject matter jurisdiction. Under federal question jurisdiction, "[a] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 808 (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152-53 (1908)). Here, the only claim for relief is one for unlawful detainer, which arises under state law. (ECF No. 1 at 12.) No federal claim is presented on the face of the complaint. *See Wescom Credit Union v. Dudley*, No. CV 10-8203, 2010 WL

---

[1] Defendants argue that they did not receive timely notice of Plaintiff's Motion to Remand. (ECF No. 12.) Nevertheless, they admit receiving the Motion and they filed an Opposition to the Motion to Remand by the Court's imposed deadline. (*Id.*) Moreover, a district court may remand actions *sua sponte* when it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Therefore, these arguments are not well-taken.

4916578, at *2 (C.D. Cal. Nov. 22, 2010) (finding no federal question jurisdiction in case with single claim for unlawful detainer). And, even if Defendants' assertion that the non-judicial foreclosure and eviction proceedings violate the United States Constitution had merit, it would only be a federal defense. Defendants have not established that this Court has jurisdiction based on a federal question. 28 U.S.C. § 1331.[2]

Defendants' request to consolidate this case with San Diego Superior Court Case Number 37-2016-00000430-CU-OR-NC does not provide a basis for subject matter jurisdiction. Assuming this Court could consolidate these two cases,[3] Federal Rule of Civil Procedure 42 grants the Court "broad discretion" to consolidate separate cases if such actions share "a common question of law or fact." Fed. R. Civ. P. 42(a); *Grendene USA, Inc. v. Brady*, No. 3:14-cv-2955-GPC-KSC, 2015 WL 1499229, at *2 (S.D. Cal. Apr. 1, 2015). In deciding whether to consolidate, a court should weigh "any time and effort saved by consolidation against any 'inconvenience, delay, or expense that it would cause.'" *Id.* at *2.

Here, the two separate actions involve different parties and different questions of law and fact. (*Compare* ECF No. 1 at 12 (unlawful detainer complaint), *with* ECF No. 7 at 11 (motion in constitutional case.)) Judicial economy would not be served by consolidating such different actions. Furthermore, consolidating the cases would delay

---

[2] In addition, although not the basis for Defendants' removal, this Court lacks diversity jurisdiction. The amount in controversy is less than $75,000, precluding jurisdiction even if diversity of citizenship existed. 28 U.S.C. § 1332. The complaint indicates that the amount demanded is less than $10,000.

[3] Defendants have removed the unlawful detainer action, now captioned 16-cv-1379. (ECF No. 1.) The Court construes Defendants' filing at Docket No. 7, styled as a "Notice of Removal . . . with . . . Petition for TRO and OSC re Preliminary Injunction," in which Defendants state that "Case No. 37-2016-00000430-CU-OR-NC . . . has been REMOVED," as an attempt to remove the constitutional case to this Court. (ECF No. 7.) The Court assumes, without deciding, that both actions have been properly removed to federal court.

Plaintiff's unlawful detainer action, which is entitled to preferential treatment in California state court under California Code of Civil Procedure § 1179a, thus prejudicing Plaintiff's ability to take possession of the premises at issue. Accordingly, the Court declines to exercise its discretion to consolidate the actions and thus **DENIES** Defendants' request to consolidate the cases.

Because the Court concludes that it lacks subject matter jurisdiction, Plaintiff's Motion to Remand is **GRANTED**. (ECF No. 2.) Defendants' request for a stay and petition for a TRO and order to show cause to reinstate a stay on the foreclosure sale, set aside the foreclosure proceedings, and enjoin the eviction are **MOOT**. (ECF Nos. 1, 7.) The case is **REMANDED** to Superior Court of California, County of San Diego, North County Division, Case Number 37-2016-00015589-CL-UD-NC.

**IT IS SO ORDERED.**

Dated: June 29, 2016

HON. ROGER T. BENITEZ
United States District Judge